**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

BRIAN TREMATORE PLUMBING & HEATING INC.,

    *Plaintiff*,

v.

INTERNATIONAL SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 25,

    *Defendant*.

Civil Action No. 21-5285

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    In this matter, Plaintiff Brian Trematore Plumbing & Heating Inc. ("Trematore") seeks a declaration that it is no longer bound by a collective bargaining agreement with Defendant Sheet Metal Workers Local Union 25 ("Local 25"). Presently before the Court is Defendant's amended motion to dismiss the Verified Complaint ("Compl.") for lack of subject-matter jurisdiction. D.E. 5. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **DENIED**.

**I.    BACKGROUND**

    Plaintiff Trematore is a New Jersey corporation in the plumbing construction industry. Compl. ¶ 1. Defendant Local 25 is a labor organization within the meaning of Section 2(5) of the

---

[1] The submissions consist of Defendant's brief in support of its motion to dismiss, D.E. 5-1 ("Br."); Plaintiff's opposition brief, D.E. 8 ("Opp."); and Defendant's reply brief, D.E. 9.

NLRA, 29 U.S.C. § 152(5), headquartered in New Jersey. *Id.* ¶¶ 4-5. On or about April 11, 2017, as part of the settlement of an unfair labor practice charge against Trematore, Plaintiff and Defendant entered into a collective bargaining agreement (the "2015/2018 CBA"), the terms of which expired on May 31, 2018. *Id.* ¶¶ 14-16; D.E. 1-1 at 94. The 2015/2018 CBA contains a clause stating that the 2015/2018 CBA "shall continue in force from year to year [after May 31, 2018] unless written notice of reopening is given not less than ninety (90) days prior to the expiration date." *Id.* The parties refer to this clause as the "Evergreen Provision," Compl ¶¶ 21-22, or the "Evergreen Clause," Br. at 4.

On May 9, 2019, Local 25 sent Trematore a copy of the successor CBA (the "2018/2021 CBA"). Compl. ¶ 19. Trematore's counsel subsequently informed Local 25's counsel that Trematore would not be signing the 2018/2021 CBA.[2] *Id.* ¶ 20. Local 25's counsel then responded that Trematore was bound by the 2018/2021 CBA even though he had not signed it because the 2015/2018 CBA contained the Evergreen Provision. *Id.* ¶ 21. On or about February 16, 2021, Trematore was served with a grievance by Local 25 alleging violations of the 2018/2021 CBA. *Id.* ¶ 25. Trematore responded that he was not bound by the 2018/2021 CBA. *Id.* ¶ 30.

On March 15, 2021, Plaintiff commenced this action seeking a declaration that the CBA with Defendant had been effectively terminated. Compl. ¶ 45. Plaintiff also seeks to enjoin Defendant from proceeding with grievance and arbitration proceedings and from forcing Plaintiff to negotiate a successor CBA. *Id.* ¶ 54. Plaintiff alleges that he repudiated the 2018/2021 CBA and is not bound by its terms because he has not engaged in the HVAC construction business for over two and a half years, has not employed any Local 25 members during this time, and has no

---

[2] According to Defendant, Trematore signed a new CBA on May 23, 2018 but omitted this fact from the Complaint. Br. at 4.

intent to re-engage in this business in the future. *Id.* ¶¶ 36-37, 43-44. Subsequently, before it was served with the Verified Complaint, Local 25 filed an unfair labor practice charge with the NLRB alleging that Trematore had violated Section 8 of the NLRA. Br. at 7; D.E. 5-7. The current motion followed. D.E. 5.

## II.     LEGAL STANDARD

Defendant argues that the Verified Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. Pursuant to Fed. R. Civ. P. 12(h)(3), a complaint must be dismissed whenever a court determines that it lacks subject-matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437 (D.N.J. 1999). To decide a Rule 12(b)(1) motion, a court must first determine whether the party presents a facial or factual attack against a complaint. A facial attack contests "subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack challenges "the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" *Id.* at 346 (quoting *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "When a factual challenge is made, the plaintiff will have the burden of proof that jurisdiction does in fact exist, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal citations omitted).

Here, Defendant challenges the veracity of allegations made in the Verified Complaint and additionally submits documentation in support of its jurisdictional arguments. *See, e.g.*, Br. at 3, 5; D.E. 5-3. Thus, Defendant mounts a factual attack, and this Court may consider the evidence submitted in support of the motion.

### III. ANALYSIS

Defendant first argues that Section 301 of the National Labor Relations Act, 29 U.S.C. § 185, does not provide the Court with subject-matter jurisdiction. Br. at 8. "Section 301 'confers jurisdiction on a district court to determine the existence of a collective bargaining agreement.'" *Util. Workers United Ass'n, Loc. 537 by Booth v. Pennsylvania Am. Water Co.*, 838 F. App'x 686, 688 (3d Cir. 2020) (quoting *Mack Trucks, Inc. v. Int'l Union, UAW*, 856 F.2d 579, 590 (3d Cir. 1988)). Section 301 "specifically encompasses actions in which 'a declaratory judgment plaintiff accused of violating a collective-bargaining agreement ... ask[s] a court to declare the agreement invalid.'" *Stanker & Galetto, Inc. v. New Jersey Reg'l Council of Carpenters of United Bhd. of Carpenters & Joiners of Am.*, No. Civ. 12-5447 (RBK/KMW), 2013 WL 4596947, at *2 (D.N.J. Aug. 28, 2013) (quoting *Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Automobile, Aerospace, Agricultural Implement Workers of America, Int'l Union*, 523 U.S. 653, 658 (1998)).

Here, Local 25 alleged that Trematore violated the 2018/2021 CBA, Compl. ¶¶ 25-26, D.E. 5-7, and Trematore now seeks a declaratory judgment that this CBA has been effectively terminated so that he is no longer bound by it, Compl. ¶ 45. As in *Stanker & Galetto*, "this is exactly the type of action contemplated by the *Textron* Court over which a federal court may properly exercise subject matter jurisdiction." 2013 WL 4596947, at *2. Thus, the Court has jurisdiction over Plaintiff's claims pursuant to Section 301.

Defendant further contends that even if Section 301 confers subject-matter jurisdiction, the Court "must nevertheless yield to the NLRB's primary jurisdiction" because Plaintiff's claim is governed by NLRB decisions and Local 25's unfair labor practice charge is currently pending before the NLRB. Br. at 9. Under the primary jurisdiction rationale, "state and federal courts must

4

defer to the primary jurisdiction of the NLRB if a matter is arguably subject to section 7 or section 8 of the National Labor Relations Act." *Mack Trucks*, 856 F.2d at 590; *see also Sears, Roebuck & Co. v. San Diego County District Council of Carpenters*, 436 U.S. 180, 202 (1978). However, the Third Circuit has made clear that "[t]he NLRB's primary jurisdiction does not preempt a court's jurisdiction over § 301 actions, even if the matter is arguably subject to § 7 or § 8 of the NLRA." *Mack Trucks*, 856 F.2d at 590. "Thus, a district court retains independent jurisdiction to decide a case properly brought under § 301, even if the claim may also constitute an unfair labor practice under the NLRA." *Id.*

Other circuits have determined that even when Section 301 confers concurrent jurisdiction upon the NLRB and federal courts, district courts can only exercise jurisdiction over claims that are primarily contractual rather than primarily representational.[3] At least one court within the Third Circuit has applied this "primarily representational or primarily contractual" test to

---

[3] *See*, *e.g.*, *Pace v. Honolulu Disposal Serv., Inc.*, 227 F.3d 1150, 1156 (9th Cir. 2000) ("[An] end run around [the NLRA] ... under the guise of contract interpretation ... cannot be countenanced, and we have drawn the jurisdictional line by asking whether the major issues to be decided ... can be characterized as primarily representational or primarily contractual." (internal quotation marks and citations omitted) (ellipses in original)); *Paper, Allied–Indus., Chem. & Energy Workers Int'l Union v. Air Prods. & Chems., Inc.*, 300 F.3d 667, 675 (6th Cir. 2002) ("[S]imply referring to the claim as a 'breach of contract' [is] insufficient for purposes of § 301 federal courts' jurisdiction"; instead the test is whether a claim is "primarily representational"); *United Food & Commercial Workers Union, Local 400 v. Shoppers Food Warehouse Corp.*, 35 F.3d 958, 961 (4th Cir. 1994) (finding that a court is without jurisdiction if "a dispute is so primarily representational, that it falls solely within the Board's jurisdiction" (internal quotation marks omitted)); *Copps Food Ctr., Inc. v. United Food & Commercial Workers Union, Local 73-A*, No. 90-1905, 1991 WL 135508, at *2 (7th Cir. 1991) ("In answering the question of whether the federal court has jurisdiction to hear a contract-based dispute between a union and an employer, the court generally has to employ a difficult process of determining whether a particular dispute is primarily contractual—hence suited for § 301 federal court jurisdiction—or representational, requiring preliminary NLRB determination of the matter."); *Local Union 204, Int'l Bhd. of Elec. Workers v. Iowa Elec. Light & Power Co.*, 668 F.2d 413, 419 (8th Cir. 1982) ("[T]he appropriate line between those cases where the district court has jurisdiction under section 301 and those in which it does not is to be determined by examining the major issues to be decided as to whether they can be characterized as primarily representational or primarily contractual.").

determine whether its jurisdiction was preempted by the NLRB's primary jurisdiction. *See Joseph W. Davis, Inc. v. Int'l Union of Operating Engineers, Loc. 542*, 636 F. Supp. 2d 403, 415-16 (E.D. Pa. 2008). However, the Court is not aware of any Third Circuit decisions adopting this test. Thus, the Court applies the Third Circuit standard set forth in *Mack Trucks*.

Here, Defendant argues that the resolution of Plaintiff's claims requires interpretation of Sections 7, 8, and 9 of the NLRA and thus the Court should yield to the NLRB's primary jurisdiction. Br. at 10-11. Plaintiff counters that federal courts have jurisdiction over suits arising under collective bargaining agreements even if the conduct at issue is arguably subject to the provisions of the NLRA. Opp. at 14. The court in *Healthcare Res. Corp. v. Dist. 1199C, Nat. Union of Hosp. & Health Care Emps., AFSCME, AFL-CIO*, 878 F. Supp. 732 (E.D. Pa. 1995) considered a factually analogous situation. There, the defendant filed unfair labor practice charges against the plaintiff with the NLRB. *Id.* at 734. Subsequently, the plaintiff filed an action in district court seeking a declaration that the collective bargaining agreement between the parties was invalid. *Id*. The defendant argued that the court was required to defer to the primary jurisdiction of the NLRB, and the plaintiff countered that the court could properly consider the issues brought pursuant to Section 301. *Id*. The court rejected the defendant's jurisdictional argument, holding that in light of the "clear precedent" set by *Mack Trucks*, it could "properly examine the issue of the validity of the collective bargaining agreement pursuant to [its] section 301(a) jurisdiction." *Id.*

Similarly, here, Plaintiff has been accused of engaging in unfair labor practices and seeks a declaration that the operative collective bargaining agreement with Defendant is no longer binding. Even if Defendant is correct that the resolution of Plaintiff's claim implicates the NLRA, and despite the pending unfair labor practices charge before the NLRB, "[t]he NLRB's primary

6

jurisdiction does not preempt a court's jurisdiction over § 301 actions." *Mack Trucks*, 856 F.2d at 590. Thus, the Court finds that it has subject-matter jurisdiction over this matter.

### IV.    CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 17th day of November 2021 hereby

**ORDERED** that Defendant's amended motion to dismiss, D.E. 5, is **DENIED.**

　　　　　　　　　　　　　　　　　　　　／s／ John Michael Vazquez
　　　　　　　　　　　　　　　　　　　　John Michael Vazquez, U.S.D.J.